**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

vs.

KELVEY L. SARGENT,

    Defendant-Appellant.

No. 97-3331
(D.C. No. 96-CR-40028-01 RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges. **

Mr. Sargent appeals from the denial of his motion to suppress. He was convicted upon a conditional plea of possession with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 18 U.S.C. § 2, and sentenced to 180 months imprisonment and five years of supervised release. On appeal, Mr. Sargent contends that once the arresting officer had dispelled suspicion that he

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

was driving while intoxicated, Mr. Sargent should have been allowed on his way. Instead, the officer requested Mr. Sargent's license, and when Mr. Sargent could not produce one, the officer detained him and arrested him after learning that he was wanted for bank robbery and considered armed. Mr. Sargent challenges the retrieval of a firearm and the impoundment and eventual inventory of his vehicle (that netted the contraband) as derivative evidence.

The district court viewed Mr. Sargent's interaction with law enforcement as a consensual encounter, but even if characterized as an investigative detention, as properly supported by reasonable suspicion. In reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government and are bound by the district court's findings unless clearly erroneous. United States v. Torres-Guevara, No. 97-4115, 1998 WL 378118, *3 (10th Cir. July 8, 1998). We review de novo whether a defendant's interaction with law enforcement is properly classified as a consensual encounter not implicating the Fourth Amendment or an investigative detention supported by reasonable suspicion. Id. Assuming the latter, the ultimate issue of Fourth Amendment reasonableness is legal and is reviewed de novo. United States v. Botero-Ospina, 71 F.3d 783, 785 (10th Cir. 1995) (en banc), cert. denied, 518 U.S. 1007 (1996).

Mr. Sargent's vehicle was not stopped by law enforcement, although an

officer testified as to his concern that the vehicle was changing lanes and speeds repeatedly, and the left rear turn signal was dim. Instead, the officer questioned Mr. Sargent about these matters when both had parked their vehicles and were entering a fast-food restaurant. Thus, the encounter began as consensual. It became an investigatory detention only when the officer required Mr. Sargent to accompany him to the officer's car. See III R. 15; IV R. 7-8. This was prompted by the officer's learning that Mr. Sargent did not have a driver's license or any other identification on his person. The officer testified:

> so I asked him to step back to my car because I've got things to write on there where I could [write] down his name and date of birth and also use that information to check with my dispatcher over the radio to check for a driver's license status.

IV R. 7. Given the officer's plan and the totality of the circumstances, no factors suggest that a reasonable person would have felt free to leave after the officer learned of the lack of a license and decided to check on driver's license status. The officer needed information from Mr. Sargent to initiate the check. Moreover, the officer was accompanied by another officer, both were in uniform and armed, and Mr. Sargent was not advised he could decline the request. See United States v. Mendenhall, 446 U.S. 544, 553-54 (1980); United States v. Glass, 128 F.3d 1398, 1406 (10th Cir. 1997).

The case law is unequivocal, however, that during a consensual encounter, an officer may request a driver's license or other identification. See Florida v.

- 3 -

Bostick, 501 U.S. 429, 437 (1991); INS v. Delgado, 466 U.S. 210, 216 (1984) (discussing that majority of Court in Florida v. Royer, 460 U.S. 491, 501 & 523 n.3 (1983), viewed request for airplane ticket and driver's license as permissible in and of themselves); United States v. Lambert, 46 F.3d 1064, 1068 (10th Cir. 1995). Once the officer learned that Mr. Sargent lacked a license, he had reasonable suspicion to detain him, particularly given the officer's earlier observations. See Kan. Stat. Ann. §§ 8-236(a)(1) (license requirements for nonresidents) & 8-244 (1991) (requiring possession of driver's license when operating a motor vehicle and display upon demand of peace officer). In other words, once the consensual encounter evolved into an investigatory detention, the officer's action was justified at the inception of the detention and was reasonably related in scope to the circumstances which justified the interference. See Terry v. Ohio, 392 U.S. 1, 20 (1968).

Mr. Sargent relies upon United States v. McSwain, 29 F.3d 558 (10th Cir. 1994), and United States v. Lee, 73 F.3d 1034 (10th Cir. 1996), for the proposition that once the officer had satisfied himself that Mr. Sargent was not impaired, the encounter should have terminated and Mr. Sargent allowed to proceed on his way. Given our holding that the encounter was consensual until Mr. Sargent was required to accompany the officer to check on his license, McSwain and Lee are without application. See McSwain, 29 F.3d at 562 n.1;

- 4 -

<u>Lee</u>, 73 F.3d at 1039. The officer did not exceed the scope of what became an investigatory detention to check on a license. Once the officer learned that Mr. Sargent was wanted for bank robbery in the course of that check, the officer had probable cause for arrest.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge